IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LOVELL AND JENNIFER LEWIS                                                                                      PLAINTIFFS

V.                                                                          CIVIL ACTION NO. 4:07cv00024DPJ-JCS

MISSISSIPPI FARM BUREAU MUTUAL
INSURANCE COMPANY; WASHINGTON
MUTUAL BANK, F.A.; WASHINGTON
MUTUAL HOME LOANS, INC.; NORTH
AMERICAN MORTGAGE COMPANY; AND
JOHN DOES 1-5                                                                                                  DEFENDANTS

ORDER

This action is before the Court on Plaintiffs' motion to remand. The Court, having considered the memoranda of the parties, along with the pertinent authorities, concludes that Plaintiffs' motion should be denied.

I.      FACTS/PROCEDURAL HISTORY

According to the Complaint, Plaintiffs borrowed the sum of thirty thousand dollars from North American Mortgage Company (the "mortgagee" or "mortgage company") and used real property located at 4029 South Street in Meridian, Mississippi, as security. Non-diverse defendant Mississippi Farm Bureau Mutual Insurance Company ("Farm Bureau") insured Plaintiffs' property both before and after it became security for the loan.

Three days after Plaintiffs closed on the loan with the mortgage company, the security burned beyond repair. Farm Bureau then issued a check made payable jointly to Lovell Lewis and the mortgage company, sending the check to Lewis. Lewis signed and forwarded the check to the mortgage company with instructions to satisfy the loan. The mortgage company endorsed the check, but later instituted foreclosure proceedings. From these facts, Plaintiffs filed suit

asserting a variety of state law claims.  Defendants removed contending that Farm Bureau, the only non-diverse defendant, was improperly joined.  Plaintiff moved to remand.

II.     ANALYSIS

"The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal."  *Lorenz v. Tex. Workforce Com'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)).  In evaluating a claim of improper joinder, "the appropriate test is whether there is any reasonable basis for predicting that the plaintiffs might be able to recover against . . . the in-state defendant."  *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  However, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."  *Smallwood*, 385 F. 3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

The Court evaluates the factual allegations in the light most favorable to the plaintiff and resolves all ambiguities in controlling state law in the plaintiff's favor.  *Lorenz*, 211 F. App'x at 246; *see also Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).  "In most cases, there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge."  *Love*, 212 F. App'x at 294 n.3 (citing *Smallwood*, 385 F.3d at 573).  However, the Court may, in its discretion, "'pierce the pleadings and conduct a summary inquiry' to determine whether a plaintiff has 'misstated or omitted discrete facts that would determine the propriety of joinder.'"  *Id.*  Importantly, "'a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that

would preclude plaintiff's recovery against the in-state defendant.'" *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 310 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 574).[1]

In this case, Plaintiffs' Complaint alleges breach of the covenant of good faith and fair dealing (Count I); negligence and/or gross negligence (Count II); intentional, gross, and/or negligent infliction of emotional distress (Count III); conversion (Count IV); detrimental reliance (Count V); tortious breach of contract (VI); negligent hiring, training, and supervision (Count VII); fraud (Count VIII); and unjust enrichment (Count IX).

Plaintiffs, through their remand motion, generically argue that their claims are viable as to Farm Bureau "[b]ecause the sale and manner of payment of insurance proceeds lies at the heart of all of Plaintiffs' allegations against Defendants. . . ." Brief in Support of Plaintiffs' Motion to Remand to State Court at 5. Plaintiffs offered no additional rationale as to why these claims should survive even a Rule 12(b)(6) inquiry. In rebuttal, however, Plaintiffs focused the issue arguing that a question of fact exists as to whether Farm Bureau breached its duty by issuing the check made payable to Plaintiffs and the mortgagee. Plaintiffs claim that pursuant to the terms of the policy, Farm Bureau should have issued the check exclusively to them. Finally, Plaintiffs argue that their fraud claim survives Defendants' attack under Federal Rule of Civil Procedure 9(b).

---

[1] Defendants suggest that Plaintiffs' claims fail under Rule 12(b)(6), removing the need to pierce the pleadings. The Court generally agrees. However, the copy of the Complaint submitted with the notice of removal did not include copies of the relevant written instruments. The text of the Complaint suggests that the contracts were attached as required by Rule 10(d) of the Mississippi Rules of Civil Procedure. There is no apparent dispute as to the existence of these contracts, and both parties relied upon them in their memoranda. If Plaintiffs incorrectly failed to attach the written instruments to the Complaint as required, then the Court will pierce the pleadings to the limited extent that it considers the contracts.

Other than identifying one alleged question of fact and arguing the sufficiency of their pleading under Rule 9(b), Plaintiffs declined to respond to any of the substantive arguments Defendants offered as to each separate count of the Complaint.  Moreover, Plaintiffs failed to identify the counts they claim survive due to the one alleged question of fact (*e.g.*, Plaintiffs do not indicate whether this question would save their conversion claim).  Nevertheless, this one issue represents Plaintiffs' only argument, and the success of their motion to remand turns on whether or not the propriety of issuing a joint check truly presents a material question of fact.  For the reasons stated herein, the Court finds that Farm Bureau's actions were contractually and statutorily mandated.  For this reason, and the additional unrebutted arguments reflected in Defendants' memorandum of law, there is no reasonable basis for predicting that Plaintiffs might be able to recover from Farm Bureau.

  A. <u>Farm Bureau's Duty To Pay the Mortgage Company</u>

Mississippi law requires payment to a mortgage company following property loss such as this.  Mississippi Code Annotated § 83-13-7 states:

> When, by an agreement with the assured or by the terms of a fire insurance policy taken out by a mortgagor, the whole or any part of the loss thereon is payable to the mortgagee or mortgagees of the property for their benefit, the company shall, upon satisfactory proof of the rights and title of the parties, in accordance with such terms and agreement, pay all mortgagees protected by such policy in the order of their priority of claim, as their claims shall appear, not beyond the amount of the company is liable. Such payments shall be, to the extent thereof, payments and satisfaction of the liabilities of the company under such policy.

The instant policy contains such a clause, stating in relevant part:

> **Mortgage Clause**– This entire clause is void unless name of mortgagee or trustee is inserted on the first page of this policy in space provided under this caption–Loss or damage, if any, under this policy (ON BUILDINGS) shall be payable to the mortgagee (or trustee), named in this policy, as interest may appear.

Plaintiffs do not challenge Defendants' argument that § 83-13-7 and the mortgage clause require payment to a named mortgage company. Instead, Plaintiffs argue that the mortgage clause was not effective in this instance because the policy indicates that there was no mortgagee. True enough, the space for identifying the mortgagee on the declarations page of the policy states: "NONE." Thus, Plaintiffs contend that at the time of the November 2001 loss, the policy called for all proceeds to be sent directly to Plaintiffs thereby creating a question of fact as to whether Farm Bureau breached its duties by adding the mortgage company as a payee on the check. This argument <u>might</u> have carried some weight had the policy not been amended to reflect the mortgage company as a additional loss payee.

It is important to note that the policy was in effect before the loan was made, and its effective dates ran from January 10, 2001 to January 10, 2002. Plaintiffs mortgaged the property in November 2001. Thus, the mortgage agreement between Plaintiffs and the mortgage company did not exist when the policy first issued in January 2001, and the declarations page correctly noted the absence of a mortgagee. However, once Plaintiffs obtained their loan, they became contractually obligated pursuant to paragraph 5 of the Deed of Trust to maintain fire insurance on the security. In addition, the Deed of Trust stated that the policy of insurance "shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee."

Once the property was offered as security, the policy was amended by endorsement. The relevant endorsement amended the declarations page and stated: "MORTGAGE CLAUSE (subject to the provisions of the mortgage clause attached to policy, loss, if any, on building items, shall be payable to:) NORTH AMERICAN MORTGAGE." Finally, the endorsement

carried an effective date that pre-dated the loss.  Accordingly, Farm Bureau was contractually and statutorily obligated to pay the mortgagee identified on the face of the policy.  Farm Bureau breached no duty under the contract.  Had Farm Bureau failed to fulfill its obligations to the mortgage company, it would have incurred potential liability.  *Necaise v. Oak Tree Savings Bank*, SSB, 645 So. 2d 1311, 1316 (Miss. 1994) (under standard mortgage clause, mortgagee is entitled to proceeds of policy); *see also Highlands Ins. Co. v. McLaughlin*, 387 So. 2d 118 (Miss. 1980).[2]

    B.    <u>Plaintiff's Fraud Claim</u>

"To maintain an action of fraud, plaintiff must prove defendant made a false, material representation, that the speaker either knew was false or was ignorant as to its truth, on which the speaker intended to induce the hearer's reliance.  Plaintiff must further show that the hearer reasonably relied on the statement to her detriment."  *Warren v. Horace Mann Life Ins. Co.*, 949 So. 2d 770, ¶ 17 (Miss. App. Ct. 2006) (citing *Beck Enters., Inc. v. Hester*, 512 So. 2d 672, 675 (Miss. 1987)).

---

[2] Even if the policy failed to include a mortgage clause, Mississippi Code Annotated § 83-13-9 dictates that a "standard" mortgage clause must be attached to fire insurance policies taken out in Mississippi.  According to the Fifth Circuit Court of Appeals: "The Mississippi Supreme Court has held that the mortgage clause contained in section 83-13-9 becomes part of every fire insurance policy 'irrespective of any mortgage clause inserted by the insurance company to the contrary; [section 83-13-9] constitutes the only mortgage clause that can be placed in the policy.'"  *Nationwide Mut. Fire Ins. Co. v. Dungan*, 818 F.2d 1239, 1244 (5th Cir.1987) (quoting *Bacot v. Phenix Ins. Co.*, 50 So. 729, 732 (Miss. 1909)); *see also Highlands Ins. Co. v. Allstate Ins. Co.*, 688 F.2d 398, 403 (5th Cir. 1982) ("[T]his clause automatically becomes a part of a fire insurance policy insuring property on which there is a mortgage when the policy contains a loss payable clause for a mortgagee."); *Nationwide Ins. Co. v. Clark,* 2006 WL 3694597, *4 (S.D. Miss., Dec. 13, 2006).  In this case, the policy contained a mortgage clause and identified the mortgage company as the mortgagee.

Plaintiffs pleading a fraud claim must do so with particularity. Fed. R. Civ. P. 9(b).[3] Despite the particularity requirement, the rule must be read "as part of the entire set of rules, including Rule 8(a)'s insistence upon 'simple, concise, and direct' allegations." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). In determining whether the particularity requirement is satisfied, the Fifth Circuit Court of Appeals has ordered plaintiffs to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* Stated more succinctly, "[a]t a minimum, [Rule 9(b)] requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citations omitted).

According to their rebuttal, Plaintiffs' fraud claim should survive because the Complaint stated: "'In accordance with Rule 9(b) of the Mississippi Rules of Civil Procedure, Plaintiffs specifically plead fraud in the following manner.' [And,] [t]he required elements of time, place and manner are then addressed in Plaintiffs' nine following counts." Rebuttal at ¶ 2. The Court finds, however, that Plaintiffs' Complaint fails to satisfy the requirements of Rule 9(b).

It is not enough to merely state that a pleading is filed "in accordance with Rule 9(b)." The particularities must be provided. Review of the Complaint fails to demonstrate any representation attributed to Farm Bureau, much less misrepresentations upon which Plaintiffs

---

[3]Federal Rule of Civil Procedure 9(b) states:

**(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

relied.[4]  *See Beck Enters., Inc.*, 512 So. 2d at 675 (setting out elements of fraud).  The only mention of misrepresentation occurs in Count VIII which states:  "Defendants fraudulently misrepresented material facts to the Plaintiffs regarding the insurance check, how the insurance check was to be applied to the final amount owed, and what the total amount to pay the loan off truthfully entailed."  Complaint at ¶29.

Even if Plaintiffs had actually identified a material misstatement in their Complaint, which they did not, the pleading would still be deficient because it generically lumped the Defendants together without identifying who allegedly said what.  *Thompson*, 125 F.3d at 903; *c.f., Southland Securities Corp. v. INSpire Ins. Solutions, Inc*., 365 F.3d 353, 362 (5th Cir. 2004) (finding that group pleading failed to satisfy Rule 9(b) in Private Securities Litigation Reform Act case).  Plaintiffs' Complaint does nothing more than group the Defendants together and vaguely reference "false material statements."  It fails to provide the who, what, when or where with respect to Farm Bureau and thus fails to satisfy Rule 9(b).  *See Thompson*, 125 F.3d at 903.

In cases of insufficient pleadings under Rule 9(b), courts often give plaintiffs a second bite at the apple by allowing them to amend the complaint.  *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1300 (3d ed. 2004) ("[I]n most instances, when a motion based on a lack of sufficient particularity under Rule 9(b) is granted, whether or not coupled with a motion to dismiss, it will be with leave to amend the deficient pleading."). However, in the context of this motion to remand, the Court finds that the Complaint reveals no reasonable basis for predicting that Plaintiffs can establish the necessary elements of a fraud claim as to Farm Bureau, *i.e*., that with the intent to induce reliance, Farm Bureau made a

---

[4] It is worth noting that Plaintiffs actually endorsed the check and forwarded it to the mortgage company.

material misrepresentation that it either knew was false or was ignorant as to its truth, and upon which Plaintiffs reasonably relied to their detriment.  *See Beck Enters., Inc.*, 512 So. 2d 675.  The only conduct alleged against Farm Bureau is the issuance of the joint check–something Defendant was contractually and statutorily obligated to do.  The Court refuses to find that Defendant acted fraudulently by following the law.

    C.    <u>Farm Bureau's Failure to Join</u>

Finally, Plaintiff argues without citation that removal was defective because Farm Bureau did not initially join in the removal.  However, an improperly joined or served defendant need not join in a notice or petition for removal.  *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

III.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' motion to remand is denied and Defendant Farm Bureau is dismissed.

**SO ORDERED AND ADJUDGED** this the 20th day of July, 2007.

    s/ *Daniel P. Jordan III*
    UNITED STATES DISTRICT JUDGE